# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**SEAN C. HENSCHEN,**

> **Petitioner,**

**v.**                                        **Case No. 3:12cv571/MCR/CJK**

**SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,**

> **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 5), with supporting memorandum (doc. 7). Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record (doc. 20). Petitioner has responded in opposition to dismissal (doc. 23). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On January 25, 2008, petitioner was charged with six counts of lewd or lascivious battery (victim over 12 but under 16 years of age) in the Circuit Court for Escambia County, Florida, Case No. 08-CF-146. (Doc. 20, Ex. B).[1] Petitioner entered a counseled "straight up" no contest plea to each charge (exs. C, D) and, by judgment and sentence rendered January 28, 2009, was adjudicated guilty and sentenced to 173.2 months imprisonment on each count to be served concurrently. (Exs. E, F). Petitioner did not appeal his judgment and sentence. (Doc. 5, p. 2).

On January 21, 2011, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. G). The motion was stricken as facially insufficient on April 20, 2011, with leave given to amend within thirty days. (Ex. H). Petitioner filed a "Motion to Enter Order And/or Ruling", in which he declined to file an amended postconviction motion and requested that the court rule on his original motion as submitted. (Ex. I). The state circuit court summarily denied the Rule 3.850 motion without an evidentiary hearing. (Ex. J). The Florida First District Court of Appeal ("First DCA") per curiam affirmed without a written opinion. *Henschen v. State*, No. 1D11-5112, 2012 WL 207061 (Fla. 1st DCA Jan. 25, 2012) (Table) (copy at Ex. N). The mandate issued February 22, 2012. (Ex. N).

On March 29, 2012, petitioner filed a second *pro se* Rule 3.850 motion. (Ex. O). The circuit court summarily dismissed the motion with prejudice on April 23, 2012, as untimely. (Ex. P). The First DCA per curiam affirmed without a written opinion. *Henschen v. State*, 98 So. 3d 571 (Fla. 1st DCA 2012) (Table) (copy at Ex. T). The mandate issued October 30, 2012. (Ex. T).

---

[1] All references to exhibits will be to those provided at Doc. 20, unless otherwise noted.

Petitioner filed his original federal habeas petition in this Court on November 27, 2012. (Doc. 1). Respondent asserts that the petition is untimely and should be dismissed. (Doc. 20).

DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not appeal from his judgment of conviction. Accordingly, petitioner's judgment became final for purposes of § 2244(d)(1)(A) on February 27, 2009, which is 30 days after rendition of the January 28, 2009 judgment. *See* FLA. R. APP. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* FLA. R. APP. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where habeas petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date the time for seeking direct review expired), *abrogated on other grounds by Wall v. Kholi*, — U.S. —, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011). The federal habeas statute of limitations began to run on that date (February 27, 2009). The limitations period expired one

year later on March 1, 2010, in the absence of tolling.[2]  *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating the limitations period as expiring one year from the day after the judgment became "final" under § 2244(d)(1)).

The record reveals that petitioner had no properly filed applications for state postconviction or other collateral review pending during the critical period between February 27, 2009, and March 1 , 2010.  None of petitioner's later applications for postconviction review filed after March 1, 2010 triggered the tolling benefit of § 2244(d)(2), because they were filed after the AEDPA's limitations period expired.  *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner's time for seeking federal habeas review expired on March 1, 2010.  Petitioner's federal habeas petition, filed November 27, 2012, is untimely.

Petitioner concedes his petition is untimely (doc. 7, p. 12), but argues two reasons why it should not be dismissed.  First, petitioner asserts that his judgment became final prior to the effective date of the AEDPA, and that applying the one-year limitations period in 28 U.S.C. § 2244(d) would be unfair.  (Doc. 7, p. 13).  Petitioner's factual premise is wrong.  Petitioner's judgment of conviction and

---

[2]February 28, 2010, was a Sunday.

sentence became final on February 27, 2009, which is thirteen years <u>after</u> the April 24, 1996, effective date of the AEDPA.

Second, petitioner asserts that his "mental health history and the record in this case discloses that petitioner has serious mental problems and has had them for many years" and that his "mental incompetency" warrants application of the equitable tolling doctrine. (Doc. 7, p. 14). "[A federal habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 130 S. Ct. at 2565 (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267. Specifically with regard to allegations of mental incapacity, the Eleventh Circuit has held that a federal habeas petitioner's allegation that he has suffered from mental impairments his entire life, by itself, is insufficient

to justify equitable tolling. Rather, the petitioner must establish "a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005); *see also Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir 2009) ("[M]ental impairment is not per se a reason to toll a statute of limitations.") (citation omitted).

Here, petitioner offers no facts to support his claim of mental incapacity – he merely alleges it exists. Petitioner asserts in Ground One of his amended petition: "Defendant suffers several forms of mental illness as well as addictive behaviors constituting diminished capacity and defense counsel was ineffective in failing to seek competency hearing." (Doc. 5, p. 4). Petitioner makes the same assertion in his supporting memorandum. (Doc. 7, p. 7). In Ground Two of the amended petition, petitioner asserts, under the heading "Defendant's competency to proceed to trial": "Once a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing." (Doc. 5, p. 4). Petitioner does not identify the nature of his alleged "mental incompetency", assert that such "mental incompetency" existed at a time relevant to the federal habeas petition filing deadline, or otherwise describe the basis on which this Court could find him mentally incompetent during the time the limitations period was running.

Although the Court is not required to consider allegations set forth in petitioner's original petition that were not set forth in his amended petition, *see* N.D. Fla. Loc. R. 15.1, the Court has reviewed petitioner's original petition for greater factual development of his "mental incompetency" claim. Petitioner's "Summary of the Case" describes himself as "a psychological disaster" stemming from his having

been "born deaf in his left ear and as a result suffered stunted childhood development", as well as having been "diagnosed with childhood ADHD and suffered both mental and physical (sexual) abuse at the hands of his mother and step-father and by childhood bullies." (Doc. 1, p. 3) (footnote omitted). Petitioner represents the following chronology of his mental health following imposition of his sentence:

> He's processed into FDOC. His mental illness once again comes to light. Medication is suggested and accepted. Defendant does well. Enrolling in classes, staying DR free. Housed in faith based honor dorm. He's feeling so good that he stops medication. Now the downturn. Defendant takes legal advice from another inmate. that person prepares an ill conceived Fla. R. Crim P. 3.850 Motion for Post Conviction Relief. Denied. Appealed. Denied.
>
> At this time, defendant's mental health continues to spiral downward. Thoughts of inadequacy and failure occur daily, everything comes rushing back. How much he has hurt his family and those he loves. The role he played in the victim's destructive behavior. All of it. Defendant begs for help.

(Doc. 1, pp. 6-7) (footnotes omitted). The "ill conceived" motion for postconviction relief refers to petitioner's first motion filed on January 21, 2011. (Ex. G). Thus, according to petitioner's sworn assertions in his original federal habeas petition, petitioner was doing well in managing his mental status following entry of his judgment and sentence until the "downward turn" which did not occur until after the federal habeas limitations period expired on March 1, 2010.

Petitioner's allegations fail to establish that petitioner's mental health issues rendered him incompetent, and further fail to establish the requisite causal connection between petitioner's mental condition and his ability to file a timely petition. Petitioner has not met his burden of proving circumstances that justify the application

of the equitable tolling doctrine. *See, e.g., Lawrence, supra*; *see also, e.g., Bilbrey v. Douglas*, 124 F. App'x. 971, 973 (6th Cir. 2005) (finding that equitable tolling did not apply because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley*, 116 F. App'x. 749, 751 (7th Cir. 2004) (finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (finding that petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); *Collins v. Scurr*, 230 F.3d 1362 (8th Cir. 2000) (Table) (finding that bald and unsupported assertions that relate to an instance of alleged mental incompetency that occurred at a time remote to petitioner's habeas petition filing deadline did not equitably toll the statute of limitations); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999) (finding that equitable tolling did not apply when petitioner's brief period of incapacity "occurred at a time so remote to his deadline", and petitioner could not show that he diligently pursued his application the remainder of the one-year filing deadline).

Petitioner's response in opposition to respondent's motion to dismiss presents the additional argument that the Supreme Court's decision in *Martinez v. Ryan*, —U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), provides relief from the statute of limitations bar, because petitioner did not have counsel during his Rule 3.850 proceeding. Petitioner argues that his lack of counsel establishes "cause" for his "procedural default." (Doc. 23). Petitioner's reliance on *Martinez v. Ryan, supra*, is misplaced. The *Martinez* case dealt with the exhaustion requirement of 28 U.S.C. §

2254(b), and decided "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's error in an initial-review collateral proceeding." *Martinez*, 132 S. Ct. at 1313. The *Martinez* opinion does not address equitable tolling or the AEDPA's statute of limitations. Petitioner's lack of counsel in filing his state motions for postconviction relief does not provide a basis for equitable tolling, or excuse petitioner's missing the statute of limitations deadline.

## CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 20) be GRANTED.

2. That the amended petition for writ of habeas corpus (doc. 5), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Sean Christopher Henschen* in the Circuit Court for Escambia County, Florida, Case No. 08-CF-146, be DISMISSED WITH PREJUDICE.

3. That the Clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 25th day of November, 2013.

*s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).